

## AFFIDAVIT

2:25mj 3

I, Jennifer Ho, Special Agent with the Bureau of Alcohol, Tobacco, and Firearms (ATF), United States Department of Justice, having been duly sworn, depose and state that:

### I. INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have served in that capacity since August 2021. I am currently assigned to the Norfolk Field Office and charged with investigating violations of federal firearms, explosives, and arson laws. I am a graduate of both the Criminal Investigator Training Program and the ATF National Academy. At the ATF National Academy, I received specialized training in firearms, arson, explosives, and narcotic-related crimes.

2. I am a law enforcement officer of the United States empowered by law to conduct investigations and to make arrest for offenses enumerated in 18 U.S.C. § 2516. I have participated in numerous arrests, search warrants, controlled purchases, controlled deliveries of evidence, and complex investigations that involve drug organizations, unlawful possession and/or use of firearms, and persons who have possessed and distributed controlled substances for financial gains while in possession of firearms.

3. The statements in this affidavit are based in part on my investigation of this matter and on information provided by other law enforcement officers/agents. Because this affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation.

### II. PROBABLE CAUSE

4. Through my own investigation, and through members of the investigative team, I have learned the following facts:

5.      In early 2024, a Portsmouth Police Department (PPD) confidential informant (CI-1) identified Rolondo Lavar Moody (MOODY) as a source of supply for firearms and narcotics in Portsmouth, VA.

6.      Between the months of June 2024 through September 2024, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) utilized a separate confidential informant (CI-2) to conduct a total of six (6) controlled purchases of firearms and fentanyl from MOODY.

7.      On August 8, 2024, MOODY sent CI-2 two photographs of a rifle MOODY offered to sell. Both photographs, one included below, shows an individual holding an AR-style rifle in the driver seat of a Cadillac vehicle.



8.      On August 9, 2024, during the controlled purchase between MOODY and CI-2, a black Cadillac Escalade, bearing a temporary registration # 35695C, arrived at the agreed purchase location. The investigative team observed Kievon Anthony Whitehurst (WHITEHURST) operating that vehicle. A white Chevrolet truck bearing a Virginia registration # MZH00TN then arrived and parked beside the Escalade. The investigative team then observed WHITEHURST recover an item, that was wrapped in blue and yellow towels, from the Chevrolet truck and then

2

transfer that item to MOODY, who then brought it directly to CI-2. Hidden in the towels was a Wilson Combat model Tactical Custom, 5.56 caliber (SN: WCR0325) semi-automatic rifle with three (3) magazines and 61 rounds of assorted 5.56 caliber ammunition.

9. The investigative team determined that WHITEHURST has tattoos consistent with the forearm tattoo shown in the photograph MOODY sent to CI-2, and the interior of the vehicle shown in the photograph is also consistent with that of an older model Cadillac Escalade. The Cadillac Escalade that the investigative team observed WHITEHURST operating is registered to Kevin Anthony Wheeler at 8 Tanner Place, Portsmouth, VA 23702, which is the same residence as WHITEHURST's registered address.

10. The Wilson Combat semi-automatic rifle purchased and received from MOODY, through WHITEHURST, is a firearm as defined in Title 18, United States Code, Section 921(a)(3), and was manufactured outside the Commonwealth of Virginia. Therefore, the rifle had previously traveled in interstate commerce.

11. I obtained WHITEHURST's criminal history and determined that, prior to August 9, 2024, he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

12. On September 8, 2020, WHITEHURST was granted restoration of his political rights, to include the right to vote, by the governor of Virginia. In the grant order, it specifies that WHITEHURST has not received restoration of his right to ship, transport, possess, or receive firearms.

13. On December 19, 2024, ATF Task Force Officer M. Bouchard contacted the Portsmouth Circuit Court Clerk's Office, the sole jurisdiction of WHITEHURST's prior felony conviction, and confirmed that WHITEHURST has not had his rights to possess a firearm restored.

### III. CONCLUSION

14.     Based on the facts contained herein, combined with the training and experience of the investigative team, I conclude that there is probable cause to believe that Kievon Anthony Whitehurst did knowingly and intentionally possess a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8), Possession of a Firearm by Felon. I request that the Court authorize and issue an arrest warrant for Kievon Anthony Whitehurst for this offense.

Further your affiant sayeth naught.

_____
Jennifer Ho, Special Agent
Bureau of Alcohol, Tobacco, and Firearms (ATF)

Sworn and subscribed to before me this ___10th___ day of January 2025.

_____
UNITED STATES MAGISTRATE JUDGE

Read and Reviewed:

_____
Marc W. West
Special Assistant United States Attorney
Kristin G. Bird
Assistant United States Attorney